UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IRENE ELIZABETH LIPINSKI,

    Plaintiff,

v.                            Case No. 8:17-cv-2031-T-33TGW

A. BRAD JONES,

    Defendant.
_____/

**ORDER**

This matter comes before the Court sua sponte. The Court determines that it lacks subject matter jurisdiction over this matter and thus dismisses this action pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**I.   Background**

On August 25, 2017, Plaintiff Irene Elizabeth Lipinski filed a pro se "Petition to Compel Arbitration" against Defendant A. Brad Jones. (Doc. # 1). Lipinski provides a St. Pete Beach, Florida address for herself and identifies Defendant Jones as the President of Paradigm Construction, LLC, located in Largo, Florida. (Id. at 1-2). Lipinski acknowledges that the Court does not have diversity of citizenship jurisdiction and submits that the Court has federal question jurisdiction. (Id. at 3). Specifically, she indicates that the federal statute at issue is the "Federal Arbitration Act Title 9 U.S. Code § 4- Failure to Arbitrate."

(Id.).

Lipinski further explains in her "Statement of Claim" that "On 6-16-16 parties signed a contract with a written provision to arbitrate disputes. A dispute has arisen. Defendant has declined to participate in mediation and is unresponsive to attempts for arbitration." (Id. at 4). In the "Relief" section of the Complaint, Lipinski "requests a Motion to Compel Arbitration - as called for in the written contract." (Id.).

Lipinski attaches the Construction Contract to the Complaint. The subject of the Contract is the "Lipinski Rental Remodel" real property located in Tampa, Florida. (Id. at 6). Lipinski has made handwritten comments on the Construction Contract, suggesting that Paradigm did not uphold certain aspects of the bargain. Lipinski submits that she is entitled to $58,442.11 based on Paradigm's alleged deficiencies, which include "cost of materials, cost of labor, cost of supervision, cost of contractor with no active license, cost of wasted supplies for non-professional work, [and] cost of inefficient work and lost rental income [for] three months." (Id. at 25). The Court surmises that Lipinski contends that Paradigm breached the Construction Contract.

**II. Jurisdictional Discussion**

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985); Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir. 1991) ("[E]very federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based.").

Moreover, federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). And "because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

The Complaint's jurisdictional allegations demonstrate to the Court that there is a palpable lack of federal jurisdiction. The requirements of complete diversity of

3

jurisdiction are not met. A Florida Plaintiff sues a Florida Defendant and the amount at issue, $58,442.11, is less than the jurisdictional threshold amount.

And, while Plaintiff mentions a Federal Statute - the Federal Arbitration Act, that Act, in and of itself, does not supply the Court with federal subject matter jurisdiction. In Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 25-16 (1983), the Court explained: "The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction."[1] This reasoning was echoed in Allied-Bruce Terminix Companies, Inc. v. Dobson, 513 U.S. 265, 291 (1995), where the Court clarified:

> [C]ourts have jurisdiction to enforce arbitration agreements only when they would have had jurisdiction over the underlying dispute. See 9

---

[1] The mere mention of a federal statute in a complaint does not create federal question jurisdiction. Hill v. Marston, 13 F.3d 1548, 1550 (11th Cir. 1994). Rather, federal question jurisdiction requires that a party assert a substantial federal claim. Hagans v. Lavine, 415 U.S. 528, 536 (1976); see also Baker v. Carr, 369 U.S. 186, 199 (1962)(holding that if jurisdiction is based on a federal question, the plaintiff must show that he has alleged a claim under federal law that is not frivolous).

4

> U.S.C. §§ 3, 4, 8. In other words, the FAA treats arbitration simply as one means of resolving disputes that lie within the jurisdiction of the federal courts; it makes clear that the breach of a covered arbitration agreement does not itself provide any independent basis for such jurisdiction.

Id.; see also Frank v. Am. Gen. Fin. Inc., 23 F. Supp. 2d 1346 (S.D. Ala. 1998)("There must . . . be diversity of citizenship or some other independent basis for federal jurisdiction before an order compelling arbitration can issue.").

Although the Court has construed the Complaint broadly due to Lipinski's pro se status, the Court comes to the ultimate conclusion that it lacks subject matter jurisdiction over this case. The Complaint demands an Order requiring arbitration, but the Court lacks a jurisdictional basis to require the parties to submit their dispute to arbitration. Lipinski does not contend that the requirements of complete diversity of citizenship are satisfied, and the Court is convinced that the requirements of complete diversity are not met. In addition, Lipinski's stated jurisdictional basis – the Federal Arbitration Act – is not an appropriate foundation for the Court's exercise of subject matter jurisdiction. "As courts have long held, the FAA . . . does not confer subject matter jurisdiction on federal courts [but] instead, federal courts must have an independent jurisdictional basis to

5

entertain cases arising under the FAA." <u>Baltin v. Alaron Trading Corp.</u>, 128 F.3d 1466, 1469 (11th Cir. 1997). The Court thus dismisses the case.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) This case is **DISMISSED** for lack of subject matter jurisdiction.

(2) The Clerk is directed to **CLOSE THE CASE**.

**DONE** and **ORDERED** in Tampa, Florida, this <u>30th</u> day of August, 2017.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE